UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 15-cr-2044-GPC |
| Plaintiff, | **ORDER DIRECTING DISCLOSURE OF CANINE RECORDS** |
| vs. | |
| JAVIER MARIN-CAMPOS, | |
| Defendant. | |

On October 9, 2015, the Court ordered the production of canine training and certification records for the Border Patrol canine officer and drug-detecting canine involved in the seizure of liquid methamphetamine in this case. In addition, the Court permitted the Government to submit these canine records, *in camera*, in the event that the Government sought to redact information from the canine records. On October 19, 2015, the Government submitted, in camera, two sets of canine records. One set was unredacted and the second set was redacted. The Government proposes to meet its discovery obligations by disclosing the redacted set of records.

The Supreme Court has held that a defendant must be afforded the opportunity to challenge "evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing his own fact or expert witnesses." *See Florida v. Harris*, ––– U.S. –––, 133 S.Ct. 1050, 1057 (2013). "The defendant, for example, may contest

the adequacy of a certification or training program, perhaps asserting that its standards are too lax or its methods faulty. So too, the defendant may examine how the dog (or handler) performed in the assessments made in those settings." *Id*. Under Rule 16 of the Federal Rules of Criminal Procedure, the Government is required to disclose materials pertaining to a narcotics-detection canine training and certification because these documents and records are crucial to a defendant's ability to assess the dog's reliability and to conduct an effective cross-examination of the dog's handler. *United States v. Cedano-Arellano*, 332 F.3d 568, 571 (9th Cir. 2003). In *United States v. Thomas*, 726 F.3d 1086, 1096 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 2154 (2014), the Ninth Circuit disapproved the wholesale redactions of canine records which obscured comments on nearly every page of the records. The court instructed that it would be for the district court in the first instance to determine whether "on remand, a protective order or an in camera hearing is necessary to accommodate any law enforcement confidentiality concerns." *United States v. Budziak*, 697 F.3d 1105, 1113 (9th Cir. 2012).

Here, the Government has not provided an affidavit by any law enforcement officer explaining why the redactions are necessary to accommodate any law enforcement concerns. The Court denies, without prejudice, the Government's request to produce the redacted discovery. The Government has until the close of business on **October 22, 2015** to provide an affidavit explaining why the redactions are necessary, particularly as to records involving tests involving methamphetamine performed in or around a car, SUV or truck.

**IT IS SO ORDERED.**

DATED: October 19, 2015

HON. GONZALO P. CURIEL
United States District Judge