**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER MARIN-CAMPOS,<br><br>Defendant | Case No.: 15CR2044-GPC<br><br>**PROTECIVE ORDER** |

Upon request of the United States of America and good cause being shown, IT IS HEREBY ORDERED that the United States' Motion for a Protective Order as to the canine records and certificates be GRANTED in part and DENIED in part.

The Supreme Court has held that a defendant must be afforded the opportunity to challenge "evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing his own fact or expert witnesses." *See Florida v. Harris*, ––– U.S. –––, 133 S.Ct. 1050, 1057 (2013). To permit such challenge, the defendant may examine how the dog (or handler) performed in the assessments" made during certification and training. *Id.*; *see also*, *United States v. Cedano-Arellano*, 332 F.3d 568, 571 (9th Cir. 2003) (government required to disclose materials pertaining to a narcotics-detection canine training and certification to enable defendant to assess the dog's reliability and to conduct an effective cross-examination of the dog's handler). In determining the scope of the disclosures required, the district court is required to inspect, *in camera*, the government records and issue a protective order to accommodate any law enforcement confidentiality concerns. *United States v. Budziak*, 697 F.3d 1105, 1113 (9th Cir. 2012).

The Court has conducted an in camera review of the canine records for the K9 and dog handler involved in this case. Following such inspection, the Court issued an order requiring the Government to submit a declaration justifying the proposed redactions made to the canine records. (Dkt. No. 23.) Having reviewed the declaration

of Matthew B. Devaney, Canine Training Coordinator with U.S. Custom and Border Protection (Dkt. No. 24.), the Court finds that the majority of the redactions are necessary under the law-enforcement privilege in order to protect proprietary information regarding the training and certification of drug and human detecting canines. However, the Court finds that redactions which relate to the testing of the K9 for methamphetamine in or around a car or SUV are overbroad. These redactions affect defendant's ability to critique the team's competence as to the type of drug and area involved in this case. *See United States v. Thomas*, 726 F.3d 1086, 1097 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 2154 (2014).

The Court directs the Government to provide these additional portions of the canine records and certificates. In order to accommodate the law enforcement concerns expressed by Agent Devaney, the Court issues the following protective order.

IT IS HEREBY ORDERED that the canine records and certificates are for use of defense counsel, any investigators, interpreters, experts, paralegals, legal assistants, or law clerks assisting counsel in this case (the "Defense"). The canine records and certificates may be viewed by Defendant but he may not retain copies of the canine records and certificates in any form, including but not limited to notes or photographs concerning the contents of the canine records and certificates.

IT IS HEREBY ORDERED, that if, in the course of preparing the defense in this case, any member of the Defense needs to disclose discovery materials to any person outside of Defense (such as to a third-party witness), counsel of record must obtain prior written authorization from the Court, with such authorization to require that any such person to whom the canine records and certificates are disclosed agree to be bound by the terms of this protective order, that the canine records and certificates be only shown to, and not left with, such person, and that the canine records and certificates remain in the custody and control of the Defense.

IT IS HEREBY ORDERED that the canine records and certificates are provided to the Defense for purposes of investigating, preparing for trial, trial, and any appeals

of this matter and for no other purpose.  The parties further agree that the canine records and certificates produced by the United States may not be copied or further disseminated in any way to any other person or entity who is not part of the Defense.

IT IS HEREBY ORDERED that the Defense take all reasonable steps to (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from inadvertent disclosure or review by any third party.

IT IS HEREBY ORDERED that the Defense agrees to return to the United States or destroy any and all copies of the canine records and certificates within 90 days of the conclusion of the proceedings in the above-referenced case, including any appeal.

IT IS HEREBY ORDERED that the parties abide by Fed. R. Crim. P. 16(d) and 49.1(e) along with General Order No. 514 of the United States District Court for the Southern District of California, which, among other things, requires that any filings referencing or containing an individual's personal information must be redacted in a manner consistent with said General Order.

IT IS HEREBY ORDERED that the parties agree that any court filings containing any part of the canine records and certificates shall be filed under seal or subject to redaction.

Dated:  November 10, 2015

Hon. Gonzalo P. Curiel
United States District Judge